IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN SHEPHERD, an individual | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-129-R |
| | ) |
| (1) RSM DEVELOPMENT, INC., | ) |
| an Oklahoma corporation; and | ) |
| (2) JUSTIN SMALL, an individual | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before this Court is Defendant Justin Small's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 10). The matter is fully briefed and at issue. *See* Docs. 10–12. For the reasons stated herein, the Court GRANTS Defendant's motion.

In considering a Rule 12(b)(6) motion to dismiss, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A legally-sufficient complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).[1] Operationalizing the Rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] A legally-sufficient complaint must also include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." *Id.*

544, 570 (2007)). This standard "is 'a middle ground between heightened fact pleading . . . and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). That is, the plaintiff's complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. at 1192 (internal quotation marks and citations omitted). While assessing plausibility is "a context-specific task . . . requir[ing] . . . court[s] to draw on [their] judicial experience and common sense," *Iqbal*, 556 U.S. at 679, complaints "'plead[ing] factual content that allows the court to . . . reasonabl[y] infer[] that the defendant is liable for the misconduct alleged'" are facially plausible. *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

As it relates to Defendant Small, Plaintiff alleges in her complaint that she accepted employment with Defendant RSM Development, Inc. ("RSM") on September 15, 2016. *See* Doc. 1, at 2. At the time she accepted RSM's job offer, Plaintiff was sixty-seven years old. *Id*. Plaintiff asserts that "she was subjected to sexual harassment, age discrimination[,] and retaliation for complaints related to said harassment" during her employment with RSM. *Id*. Specifically, Defendant Justin Small ("Small") responded to a request by Plaintiff for additional help with job duties by "stating that Defendants needed to hire her replacement." *Id*. Small also made numerous comments to Plaintiff regarding her age; for example, Small stated that RSM hired a thirty-two-year-old woman, Elmira, as Plaintiff's replacement because RSM needed a "younger vibe." *Id*. at 2–3. When Plaintiff complained to Small about these age-related claims, he reassigned most of her work to Elmira. *Id*. at 3.

Small also threatened that RSM would place Plaintiff on Medicare because her age was driving up RSM's employee insurance costs, despite the fact that Plaintiff's employment contract guaranteed her heath benefits paid by Defendant. *Id*. Ultimately, RSM's president terminated Plaintiff's employment on April 3, 2018. *Id*. at 4.

Plaintiff brings several claims, but as against Small, she asserts only a claim for "gender discrimination/hostile work environment" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *See id*. at 4. Plaintiff accuses Small of "intentionally and with reckless indifference to [her] rights . . . discriminat[ing] against [her] based upon her gender." *Id*. Moreover, Small "created a hostile work environment for Plaintiff by his repeated actions toward her," which "caused Plaintiff to suffer severe emotional distress and assault and battery," in addition to other pecuniary and non-pecuniary damages. *Id*.

Plaintiff has not specified whether her Title VII claim against Defendant Small is an individual- or official-capacity claim. As Small notes in his motion to dismiss, "personal capacity suits against individual supervisors are inappropriate under Title VII." *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996); *see also Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) ("Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate."); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." (emphasis and citations omitted)). Moreover, while

3

"supervisors may be named in their official capacity and/or as alter egos of the employer . . . as a means to sue the employer . . .[,] this procedural mechanism is superfluous where, as here, the employer is already subject to suit directly in its own name." *Lewis v. Four B Corp.*, 211 F. App'x 663, 665 n.2 (10th Cir. 2005); *see also Hopkins v. Bacone College*, No. CIV-16-166-SPS, 2016 WL 6603191, at *1 (E.D. Okla. Nov. 8, 2016) ("[O]fficial-capacity claims under Title VII are redundant where the employer has also been named. . . . and should be dismissed.").[2] In addition to Defendant Small, Plaintiff is also suing her former employer, RSM. Thus, regardless of whether Plaintiff's Title VII claim is brought against Small in his individual or official capacity, the claim should be dismissed.[3]

Plaintiff does not address Defendant Small's argument at all in her response. *See* Doc. 11. Rather, Plaintiff's argument appears to be that, because the Court could divine from the facts pled in the complaint some claim—any claim—against Small, it should not dismiss him from this action. *Id*. at 2. In particular, Plaintiff asserts that "sufficient facts were pleaded in [her] Complaint to put Small on notice of the claim of Intentional Infliction of Emotional Distress," even though an intentional infliction of emotional distress claim "was not specifically labeled as a cause of action" in the complaint. *Id*. at 3. Plaintiff is represented by counsel in this matter; thus, the Court does not liberally construe her filings.

---

[2] That Small was a managing partner and co-owner of Defendant RSM, *see* Doc. 1, at 1; Doc. 10, at 1, 6, is, on its own, not enough to impose individual liability on him under Title VII. *See Humphreys v. Med. Towers, Ltd.*, 893 F. Supp. 672, 688 (S.D. Tex. 1995) ("The fact that [an individual] control[s] the operations of . . . [a plaintiff's] employer . . . [and is] the managing and general partner of [that employer] is insufficient, standing alone, to impose individual liability upon him under Title VII.").

[3] Because the Court finds that Defendant Small is not subject to suit under Title VII, it need not consider whether Plaintiff's Title VII claim against Small is sufficiently pled, which is Defendant's alternative ground for dismissal. *See* Doc. 10, at 6–7.

4

Moreover, the Court is not in the business of cobbling together unpled theories, arguments, or claims on behalf of *any* plaintiff, *pro se* or represented. *See, e.g., Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *see also Kennington v. U.S. Dep't of the Treasury*, 490 F. App'x 939, 943 (10th Cir. 2012). Plaintiff's assertion of a Title VII claim against Small, an individual, is improper—and this is the only claim asserted against him. Plaintiff's counsel cannot keep Small in this suit as a defendant by relying on claims that have not been pled.[4]

In lieu of dismissal, Plaintiff requests leave to amend her pleading "[t]o the extent that this Court should find that Plaintiff's claims were insufficiently pled." *See* Doc. 11, at 5–6. Granting leave to amend as to Plaintiff's Title VII claim against Small would prove futile, for the reasons stated above. And as to an intentional infliction of emotional distress claim, the Court does not find that such a claim was insufficiently pled—rather, it finds no such claim was pled at all. Regardless, leave to amend is appropriately sought in a separate motion complying with federal and local rules. *See* Fed. R. Civ. P. 15(a)(2); *see also* LCvR15.1 ("A party moving under Fed. R. Civ. P. 15(a)(2) to amend a pleading . . . must attach the proposed pleading as an exhibit to the motion."). Plaintiff has neither filed a motion to amend under Rule 15(a)(2) nor complied with the requirement of LCvR15.1 to provide a proposed pleading. Thus, the Court denies Plaintiff leave to amend without

---

[4] To the extent that Plaintiff includes allegations of intentional infliction of emotional distress within her complaint, these allegations do not pertain to Small. *See* Doc. 1, at 5 (alleging that Elmira, and RSM through her, "repeatedly and intentionally inflicted emotional distress" on Plaintiff).

5

prejudice to the future filing of a timely motion complying with applicable rules. *See Mears v. Astora Women's Health, LLC*, No. CIV-18-1091-R, 2019 WL 1590592, at *3 n.4 (W.D. Okla. April 12, 2019) ("If Plaintiffs wish to seek leave to file a second amended complaint, then they should comply with the procedures set out in the federal and local rules to do so.").[5]

Accordingly, as Plaintiff may not bring a Title VII claim against Small as an individual defendant—and because no other claim is asserted against Small—the Court GRANTS the motion to dismiss and terminates Small as a defendant in this matter.

IT IS SO ORDERED this 17th day of May, 2019.

*[signature]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[5] Should Plaintiff seek leave to amend to add an intentional infliction of emotional distress claim against Small at a later date, the Court notes that there may be potential questions of subject matter jurisdiction over such a state-law claim. However, the Court will not speculate as to jurisdictional complexities; rather, such issues will be examined if and when they arise.